USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/29/2023___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- X

LIBERTY MUTUAL INSURANCE COMPANY,   :

                         Plaintiff,   :

            – against –   :

DAY TO DAY IMPORTS INC.,   :
OXGORD INC., and STANZINO INC.,   :

                    Defendants.   :

-------------------------------------------------------------------- X

DAY TO DAY IMPORTS INC.,   :
OXGORD INC., and VIRGIN SCENT INC.,   :

                Counterclaimants,   :

            – against –   :

LIBERTY MUTUAL INSURANCE COMPANY   :

               Counter-Defendant.   :

-------------------------------------------------------------------- X

Case No.
1:22-cv-2181 (AT)

**STIPULATION**
**& ORDER OF**
**CONFIDENTIALITY**

      **WHEREAS**, certain information and documents relating to matters believed by the parties to the above-captioned proceeding (the "Proceeding"), and certain non-parties concerned with the Proceeding, to be confidential and/or sensitive commercial, financial, business, and/or personal information, have been and may be requested, sought, produced and/or exhibited in relation to this Proceeding;

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties hereto through their respective counsel subject to the approval of the Court that pursuant to Federal Rule of Civil Procedure 26(c), the following Confidentiality Order be entered.

      **IT IS HEREBY ORDERED THAT:**

      1.     This Stipulation & Order of Confidentiality ("Confidentiality Order") shall govern all information and materials produced or disclosed in relation to this Proceeding by any party

("Producing Party"), to any other party ("Receiving Party"), including without limitation, information and materials produced or disclosed

    (a)    during any discovery that may occur or may have occurred through cooperation or agreement of the Parties;

    (b)    during formal discovery;

    (c)    in any pleading, document, affidavit, interrogatory, answer, response to requests for admission, brief, motion, transcript or other writing;

    (d)    in testimony given in a deposition, and any copies, notes, abstracts or summaries of such testimony; and

    (e)    through any other manner of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

These materials shall be referred to hereinafter as "Litigation Material."

2.    The Producing Party shall have the right in good faith to designate all or any portion of any Litigation Material as "confidential" in accordance with the procedures set forth herein, provided the information so-designated contains, reveals or reflects:

    (a)    unpublished business, financial, research or marketing data, methods or plans, trade secrets, customer information, or operational information; or

    (b)    other information of a nonpublic nature that the Producing Party reasonably and in good faith believes to be commercially, competitively or personally sensitive or proprietary in nature.

This information shall be referred to hereinafter as "Confidential Information."

## DESIGNATION OF CONFIDENTIAL INFORMATION

3.    Any Producing Party may in the exercise of good faith designate as "confidential" any portion of any Litigation Material, as follows:

    (a)    Documents or other tangible Litigation Materials may be designated as "confidential" at any time by (i) stamping or otherwise marking at least the first page of the Litigation Material that contains Confidential Information with the word "CONFIDENTIAL," at or before the time of production; or (ii) notifying all other Parties in writing of the Producing Party's claim of confidentiality within thirty (30) days following production.

    (b)    Deposition or other testimony may be designated as "confidential" by stating orally on the record that the information is "confidential," on the day the testimony is given. The cover of all copies of the deposition transcript that contains Confidential Information shall be stamped or otherwise marked with the words: "CONFIDENTIAL MATERIAL ENCLOSED."

    (c)    Where only parts of Litigation Material are designated as "confidential," the Producing Party shall designate the parts of the Litigation Material for which confidentiality is claimed, and only those parts shall be subject to this Confidentiality Order.

    (d)    When designating as "confidential," the marking shall not obscure the contents of the Litigation Material.

4.    No party shall be held in breach of this Confidentiality Order for disclosing Litigation Material to persons unauthorized to receive Confidential Information if (i) such Litigation Material has not been designated as "confidential" by the Producing Party, pursuant to Paragraph 3 of this Confidentiality Order; and (ii) at least thirty (30) days have passed since the time such Litigation Material was first disclosed or produced.

5.    Once the Receiving Party has notice that the Producing Party has designated Litigation Material as "confidential," the Receiving Party shall treat the designated materials as "confidential" in accordance with this Confidentiality Order.

## TREATMENT OF CONFIDENTIAL INFORMATION

6.    Confidential Information (including copies, notes, abstracts or summaries thereof) shall be maintained in confidence by the Receiving Party and shall not be disclosed to any person except:

    (a)    the Court and Court staff;

    (b)    the court reporters and other stenographic employees who record or transcribe testimony related to this Proceeding;

    (c)    counsel and co-counsel of record, and the legal associates, paralegals, clerical or other support staff employed by such counsel and actually involved in assisting with this Proceeding;

(d)     the insurers of the Parties;

(e)     the Parties, and those directors, officers and present employees of the Parties who are assisting with this Proceeding;

(f)     the experts or consultants retained by the Parties or their counsel to assist with this Proceeding;

(g)     anticipated or actual deposition or trial witnesses to whose testimony the Confidential Information is relevant; and

(h)     any other person, upon written agreement of the Producing Party (which written agreement may be recorded on a deposition or other transcript) or pursuant to court order.

7.      All persons authorized to receive Confidential Information shall take all reasonable and necessary steps to secure any Confidential Information, and shall limit access to Confidential Information to those persons identified in Paragraph 6.

8.      Prior to disclosure of any Confidential Information to a person identified in Paragraph 6, subparagraphs (e) through (h), the person shall be presented with, read and agree to be bound by the terms of this Confidentiality Order by signing a Certification in the form annexed at Appendix A. The Receiving Party shall retain the Certification and make it available to the Producing Party upon a showing of good cause. Persons to whom Confidential Information is disclosed solely for clerical or administrative purposes, and who do not retain a 'copy or extract thereof, shall not be required to execute a Certification.

9.      If Confidential Information, advertently or inadvertently, is disclosed to a person not authorized to receive Confidential Information, or if a person authorized to receive Confidential Information breaches any obligations under this Confidentiality Order, the Party shall immediately give notice of the unauthorized disclosure or breach to the Producing party. Without prejudice to other rights and remedies of the Producing Party, the person making the unauthorized disclosure shall make every effort to prevent further disclosure. Breach of the provisions of this

Confidentiality Order shall be subject to sanctions, as authorized by statute, rule or inherent power of the Court.

## USE OF CONFIDENTIAL INFORMATION IN PROCEEDINGS

10.     If Confidential Information or references thereto, are included in pretrial papers filed with or otherwise provided to the Court, such papers shall be labeled "CONFIDENTIAL-- SUBJECT TO COURT ORDER" and, unless otherwise agreed, shall be delivered to the Clerk of the Court under seal, either in paper form, or as a PDF on a CD-ROM or DVD-ROM. Envelopes used to seal such documents shall bear the following notation: "CONTAINS CONFIDENTIAL INFORMATION SUBMITTED UNDER SEAL PURSUANT TO A CONFIDENTIALITY ORDER." To the extent that a document or submission containing Confidential Information is required to be filed with the Court electronically via ECF, such document or submission shall be uploaded to the court's ECF system with the portions containing Confidential Information redacted, and with written notice provided that a full and unredacted copy of such document or submission has been filed with the Clerk of Court under seal. Whenever a party files or otherwise provides to the Court a document or submission under seal, a complete copy of such document or submission in unredacted form shall be served upon all counsel of record in PDF or paper form. Such copy shall be prominently marked on its face with the notation "UNREDACTED COPY OF DOCUMENT FILED UNDER SEAL" or "UNREDACTED COPY OF DOCUMENT PROVIDED TO THE COURT UNDER SEAL" to give notice to counsel of record that the document or submission being served contains Confidential Information that has been filed under seal.

11.     The provisions of this Confidentiality Order shall govern pretrial proceedings and discovery, and shall not affect the conduct of trial or any other proceeding in open court, subject

to the right of any Party to seek an order of protection. The Court shall order an appropriate procedure for the use of Confidential Information at or during the course of trial.

12.    A deposition witness may be shown Confidential Information pursuant to Paragraph 6(g). Disclosure by a Producing Party or Receiving Party of Confidential Information to a witness during a deposition will not result in waiver of its "confidential" status, provided:

(a)    the witness is identified as a signatory, author, addressee or recipient of a copy;

(b)    the witness is a current officer, director or employee of a Party; or

(c)    the witness is an officer, director or employee of a witness designated by a Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

(d)    the witness is a nonparty testifying under subpoena or by agreement, or is a Party's expert witness being examined during expert discovery, provided that they sign a certification in the form appended as Annex A to this Order and agree on the record to be bound by this Order.

13.    The Parties retain the right to apply to the Court for relief from the provisions of Paragraph 12 in the event that a deposition witness refuses to certify that he or she will abide by the terms of this Confidentiality Order pursuant to Paragraph 6.

14.    All Litigation Material, and the contents thereof, shall be used solely in relation to this Proceeding and shall not be used in connection with any other proceeding or potential proceeding, nor for any business, commercial or competitive purposes. The Parties expressly reserve their rights to object to the use and admissibility of any Confidential Information in any other proceeding.

## OBJECTIONS

15.    A Receiving Party may object to a designation of Litigation Material as "confidential". In such instance, the Producing Party shall provide an explanation of the basis of the designation within 30 day of the objection. If the Parties are unable to resolve the objection within 30 days of the Receiving Party's objection of the Producing Party's explanation, the

Producing Party may move the Court for a protective order. This Confidentiality Order has no effect on the burden of proof set forth by Rule 26 of the Federal Rules of Civil Procedure or by law. Until the Court rules on any such motion, the Litigation Material shall continue to be deemed "confidential."

16.     Unless otherwise ordered by the Court, if in the face of an objection to its designation of Litigation Material as "confidential," a Producing Party fails to seek a protective order pursuant to Paragraph 15, any designation as "confidential" will be removed.

## PRIVILEGED AND PROTECTED LITIGATION MATERIAL

17.     The Parties expressly assert and preserve any and all privileges and exemptions, including without, limitation the attorney-client privilege and work product immunity, which apply to any and all Litigation Material ("Protected Material"). In accordance with Fed. R. Evid. 502, inadvertent disclosure or production of Protected Material shall not be deemed a waiver of any privilege or exemption in the present action or in any other Federal, State, or foreign proceeding.

18.     The return of purported Protected Material shall not in any way waive the Receiving Party's right to challenge the claim of privilege and/or exemption, but such challenge shall not (i) be based in any way on the fact of the inadvertent production or disclosure of such material; or (ii) divulge the contents of the Protected Material except to the Court under seal as provided herein.

## GENERAL PROVISIONS

19.     A Receiving Party served with a subpoena or other notice in another proceeding by a party not signatory to this Confidentiality Order, which seeks production or disclosure of Confidential Information, shall give immediate written notice to the original Producing Party, enclosing a copy of the subpoena. Where possible, the Receiving Party shall give at least ten (10) days-notice to the Producing Party before producing or otherwise disclosing the Confidential Information; however in no event shall the Receiving Party produce or disclose the Confidential

Information before notice is received by the Producing Party, unless required by law. Upon receipt of such written notice, the original Producing Party shall bear the burden, if it deems appropriate, of opposing the subpoena or other notice.

20.     Within forty-five (45) days of the final conclusion of this Proceeding, and all substantially related proceedings, by settlement or final judgment, including exhaustion of all appeals, the Parties shall use all best efforts to assemble and seek return of Confidential Information (and all copies and notes, abstracts or summaries thereof) from all persons to whom such materials were disclosed, and shall return all such materials to the original Producing Party, at the Producing Party's expense. In lieu of returning said Confidential Information to the Producing Party, counsel for the Receiving Party may, at its expense, have all Confidential Information destroyed by an outside vendor and shall supply to the Producing party's counsel a certification or affidavit from Receiving Party's counsel that all confidential material has been collected from all sources within that counsel's control and that the materials have been destroyed. Counsel may retain work product, copies of court filings and official transcripts and exhibits, provided any or all retained documents are kept confidential and continue to be treated as provided herein.

21.     This Confidentiality Order shall survive the conclusion of this action.  The Parties agree that any legal suit, action or proceeding arising out of or in connection with this Confidentiality Order shall be brought in the United States District Court for the Southern District of New York, or, if that court shall lack subject matter jurisdiction, in a Court of the State of New York located in the County, City and State of New York.  The Parties agree to submit to the exclusive jurisdiction of such court and waive any objections to venue and inconvenient forum.

22.    This Confidentiality Order may be amended or modified at any time by stipulation of the Parties, or by order of the Court. The Parties consent to an expedited hearing upon any such application.

## RESERVATION OF RIGHTS

23.    Nothing in this Confidentiality Order shall prevent any Party from disclosing its own Confidential Information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any Party's rights or obligations under this Confidentiality Order.

24.    Entering into, agreeing to, producing or receiving materials, and/or otherwise complying with this Confidentiality Order shall not in any way:

(a)    constitute an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by law or court order;

(b)    constitute a waiver by any person or party of any right to object to or seek a further order from the Court with respect to any discovery request in this Proceeding or any other proceeding;

(c)    constitute a waiver of any claim of privilege or exemption with regard to any testimony, documents or other information;

(d)    operate as an admission by any Party that any particular Litigation Material contains or reflects sensitive or confidential proprietary, commercial, business, or personal information; and/or

(e)    be construed to affect the admissibility of any documents, testimony or other evidence at trial.

25.    Evidence of the existence or non-existence of a designation under this Confidentiality Order shall not be admissible for any purpose.

Dated: New York, New York
       June 28, 2023


        SO ORDERED.

        Dated: June 29, 2023
               New York, New York

                                         _____
                                              **ANALISA TORRES**
                                         **United States District Judge**