UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> -against- <br><br> DAY TO DAY IMPORTS, INC., et al., <br><br> Defendants. | 22-CV-02181 (AT) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY,** United States Magistrate Judge.

On January 23, 2024, Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") submitted a letter seeking the Court's intervention in a discovery dispute. (*See* ECF 69.) On January 26, 2024, Defendants submitted their response. (*See* ECF 70.) On January 29, 2024, Liberty Mutual submitted a reply. (*See* ECF 72.) I held a conference with the parties on February 1, 2024. For the reasons discussed at the conference, further discovery in this matter shall proceed as set forth below.

Defendants shall, by **February 12, 2024**, supplement their written discovery responses as follows:

- Provide amended responses and objections to Plaintiff's Request for Production of Documents ("RFP") that clearly identify, with respect to each request, what categories of documents are being produced, what categories of documents are being withheld and on what basis, and what categories of documents could not be located after a reasonable search.

- Provide amended responses to Plaintiff's Interrogatories, stating that Defendants are not making a claim for a loss of goods due to heat damage.

- Send a letter to Plaintiff identifying by Bates numbers (a) those documents Defendants have already produced in response to Plaintiff's request for documents relating to deliveries to Defendants and sales by Defendants after the date of the fire, and (b) those documents Defendants have already produced in response to Plaintiff's request for documents reflecting the movement of goods between the Compton and Gardena warehouses, including the dates and contents of all shipments between the two warehouses

Defendants shall, by **February 12, 2024**, search for and produce:

- For the years ending December 31, 2021, and December 31, 2022, all of their financial statements (including drafts), all of their audits (including drafts), all of their draft tax returns, and all documents reflecting requests for extensions of time to file their tax returns. If Defendants are unable to locate documents within any of these categories, Defendants shall, in their amended responses and objections to Plaintiff's RFP, indicate with specificity which categories of documents they were unable to locate.
- Records of deliveries to Defendants and of sales by Defendants after the date of the fire.
- All documents reflecting the movement of goods between the Compton and Gardena warehouses, including the dates and contents of all shipments between the two warehouses.

Plaintiff represented that it has a pending motion to compel the deposition of Prologis in the U.S. District Court in the Central District of California (the "California Court"), and that it plans to file a motion to compel the deposition of Iron Rock Ventures LLC ("Iron Rock") in the California Court. Plaintiff shall:

- By **February 9, 2024**, file its motion to compel the deposition of Iron Rock.

- If the California Court grants the motion(s) to compel the deposition(s) of Prologis and/or Iron Rock, **within two weeks** of any such decision(s), complete the deposition(s) of the witnesses who are directed to appear, unless the California Court provides for a different timeframe.

Plaintiff shall complete taking fact depositions in compliance with the following schedule:

- By **February 24, 2024**, Plaintiff shall depose PCB Bank and the Nourollah brothers.

- By **February 26, 2024**, Plaintiff shall file on the docket a letter advising the Court of the date scheduled for Heather Connell's deposition.

- By **March 10, 2024**, Plaintiff shall depose Heather Connell and Dynamic Environmental.

I stated in my Order dated December 20, 2023 that no further extensions of the discovery schedule would be granted absent very good cause shown, and then only for limited specific purposes. I find that the motion practice in California and the unavailability of third parties for deposition before the current deadline for fact discovery constitute such very good cause. Accordingly, the deadline for completion of all fact discovery is extended to **March 10, 2024**; and, for the period from **February 20, 2024** through **March 10, 2024**, fact discovery shall be limited to: deposing Prologis, Iron Rock, PCB Bank, Dynamic Environmental, the Nourollah brothers, and Heather Connell.

The parties have until **March 24, 2024** to exchange Rule 56.1 statements in connection with anticipated motions for summary judgment.

3

The deadline for completion of expert discovery is extended from **March 1, 2024** to **April 24, 2024**.

I will not grant any additional extensions of the discovery deadlines absent extraordinarily good cause shown, and then only for specific limited purposes. Each party shall bear its own costs and attorneys' fees. The Clerk of Court is respectfully requested to terminate ECF 69, ECF 70, and ECF 72**.**

Dated: February 2, 2024
New York, New York

So Ordered.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**