UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY MUTUAL INSURANCE COMPANY,

Plaintiff,

-against-

DAY TO DAY IMPORTS INC., et al.,

Defendants.

22-CV-02181 (AT) (RFT)

**OPINION & ORDER**

---

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On July 29, 2025, I issued an opinion and order granting Plaintiff's motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude the reports and testimony of an expert presented by Defendants – Barry Zalma, who opines on whether Plaintiff's claims handling satisfied insurance industry standards and practices (*see* ECF 132). While I declined to exclude Zalma's reports and testimony on the ground that Zalma was not qualified or that his opinions were unreliable, I excluded the reports and testimony on relevance grounds. (*See* ECF 161, Opinion at 44-47.) I reasoned that Zalma's interpretation of New York and California law – which is reserved to the Court – formed the basis for his opinions, including his descriptions of custom and practice of marine insurers; and that Zalma improperly provided a factual summary that could be constructed by a lay witness and improperly opined on matters reserved to the factfinders. (*See id.*) I concluded that, "[a]fter striking the impermissible portions from Zalma's report, rebuttal report, and testimony, there appears to be nothing to salvage." (*Id.*)

On August 12, 2025, Defendants moved for reconsideration (ECF 162), arguing that portions of Zalma's reports are in fact salvageable. (*See* ECF 163, Defs.' Mem. in Support of Reconsideration Mot. at 3-5.) On August 19, Plaintiff responded, contending that

reconsideration is not warranted and that the order excluding Zalma's opinions does not reflect clear error. (*See* ECF 164, Pl.'s Reconsideration Opp. at 5-9.) On August 21, 2025, Defendants filed a reply in further support of their motion for reconsideration, stating that Zalma's reports contain many reports that are unrelated to interpretations of law and providing some examples. (*See* ECF 165, Defs.' Reply.) On August 22, 2025, I ordered Defendants to provide citations to those portions of the Zalma report that Defendants argue should not be excluded. (*See* ECF 166, Order.) On August 29, 2025, Defendants filed annotated versions of Zalma's report and rebuttal report, highlighted to reflect the portions of the reports that Defendants concede should be excluded; the unhighlighted portions of the reports contain the opinions that Defendants argue should be admissible. (*See* ECF 167-1, Annotated Zalma Report; ECF 167-2, Annotated Zalma Rebuttal Report.)

Defendants contend that five opinions from the Zalma Report should not be excluded.

1. Zalma provides a description of the role of marine surveyors, largely taken from the website "Marine Insights," and states that Plaintiff hired a marine surveyor, rather than an insurance adjuster, to investigate Defendants' claims on behalf of Plaintiff's desk-bound insurance adjuster. (*See* ECF 167-1, Annotated Zalma Report at 3-4, 6.)[1] Zalma visited the Marine Insights website because he was "looking for details" about duties performed by marine surveyors. (ECF 135, Tr. of Deposition of Barry Zalma at 11.) Therefore, it does not appear that the statements culled from the Marine Insights website reflect Zalma's personal expertise, and parroting the statements made on a random website does not reflect reliable expert testimony. *See In re M/V MSC FLAMINIA*, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *22 (S.D.N.Y. July 28, 2017) ("A proffered expert may not simply pass off as their own, or serve as a vehicle for presenting, the opinions of others in subjects on which the proffered expert is not personally qualified."); *Water Pollution Control Auth. of City of Norwalk v. Flowserve US Inc.,* No. 14-CV-0549 (VLB), 2018 WL 1525709, at *20 (D. Conn. Mar. 28, 2018) (concluding that an expert's internet research into a matter outside

---

[1] Unless otherwise indicated, this order omits internal quotation marks, citations, and alterations from quoted text.

his expertise is "not an acceptable basis for an expert opinion" absent the expert's additional analysis of such research), *aff'd*, 782 F. App'x 9 (2d Cir. 2019).

2. Zalma states that it is the custom and practice in the insurance industry to maintain sufficient staff to investigate claims and that Plaintiff failed to do so or to hire an insurance adjuster to carry out the investigation of Defendants' claims. (*See* ECF 167-1, Annotated Zalma Report at 8-9.) Defendants are correct that, with the omission of Zalma's assertion that the staffing practices are required by law, this opinion does not fall afoul of the relevant caselaw on relevant expert testimony.

3. Zalma opines that it is the custom and practice for investigations in the insurance industry to include witness interviews, examination of physical evidence, document review, and any necessary research and for such investigations to take place within a specified timeframe. (*See id.* at 9-14, 16.) Defendants are correct that, with the omission of Zalma's assertion that these practices are required by law, this opinion does not fall afoul of the relevant caselaw on relevant expert testimony.

4. Zalma states that Plaintiff failed to conduct a thorough investigation, followed by a timeline of the investigation portraying Plaintiff's actions from Defendants' point of view. (*See id.* at 16-21.) An opinion that Plaintiff failed to conduct a thorough investigation could be unobjectionable, but this statement is merely an introduction to the lengthy chronology from Defendants' perspective that impermissibly "[s]imply rehashes evidence about which an expert has no personal knowledge." *Scott v. Chipotle Mexican Grill*, 315 F.R.D. 33, 45 (S.D.N.Y. 2016) (collecting cases on impermissible use of record evidence by experts); *see also Taylor v. Evans*, No. 94-CV-8425 (CSH), 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997) (striking an expert report that attempted to "present[ ] a narrative of the case which a lay juror is equally capable of constructing").

5. Zalma asserts that Plaintiff's handling of Defendants' claims under the Policy "was one of the most inadequate, incomplete, unprofessional . . . examples of claims handling" that Zalma has seen in his decades of experience. (ECF 167-1, Annotated Zalma Report at 21.) In particular, Zalma faults Plaintiff for retaining a marine surveyor to investigate the losses rather than using its own adjuster or hiring an independent adjuster, for concluding that no losses relating to goods that were outside the warehouse at the time of the fire were covered under the relevant policy, and for concluding that only losses relating to goods that were inside the warehouse at the time of the fire and that had visible damage were covered under the relevant policy. (*See id.* at 22-27.) An opinion that Plaintiff's claims handling was inadequate, incomplete, and unprofessional would not necessarily be objectionable, but here, the two of the three premises on which the opinion rests – that Plaintiff improperly concluded that the relevant policy (a) did not cover losses relating to goods outside the warehouse (b) covered only visible damage to goods inside the warehouse – reflect impermissible interpretation of disputed coverage terms in an

insurance policy, which risks "tell[ing] the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's." *Am. Home Assur. Co. v. Merck & Co.*, 462 F. Supp. 2d 435, 448 (S.D.N.Y. 2006) (quoting *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005)). Defendants are, however, correct that, with the omission of Zalma's assertion that hiring an adjuster rather than a marine surveyor is required by law, Zalma's opinion that, based on custom and practice in the insurance industry, Plaintiff should not have hired a marine surveyor to investigate the losses is not objectionable.

Defendants also contend that two opinions from the Zalma Rebuttal Report should not be excluded.

1. Zalma states that Plaintiff's expert, Peter Curzio, lacked experience with fire insurance claims and that if Curzio had possessed such expertise, he would not have opined that it was impractical to expect marine insurance claims adjusters to personally investigate claims. (*See* ECF 167-2, Zalma Rebuttal Report at 2.) An expert "may not opine on the qualifications of another expert to testify on a particular subject," as "[t]hat . . . is a judicial function." *GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 142 (S.D.N.Y. 2022); *see also Carroll v. Trump*, No. 22-CV-10016 (LAK), 2023 WL 2652636, at *2 (S.D.N.Y. Mar. 27, 2023) (holding that one expert's views of another expert's qualifications "are not proper subjects of expert testimony at all" and finding that portion of a rebuttal report inadmissible).

2. Zalma states that Curzio ignored Plaintiff's deficient investigation, and Zalma faults Curzio for failing to opine that Plaintiff prematurely denied Defendants' claims for losses relating to goods that were outside the warehouse at the time of the fire without performing a thorough investigation. (*See* ECF 167-2, Zalma Rebuttal Report at 3-6.) This opinion reflects a back-door effort by Zalma to interpret disputed coverage terms, which is impermissible. *See Am. Home Assur.*, 462 F. Supp. 2d at 448.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is GRANTED IN PART, in that the following opinions are not stricken from Zalma's reports, and Zalma may testify as to those opinions: (1) it is the custom and practice in the insurance industry to maintain sufficient staff to investigate claims and that Plaintiff failed to do so or to hire an insurance adjuster to carry out the investigation of Defendants' claims; (2) it is the custom and practice for investigations in

4

the insurance industry to include witness interviews, examination of physical evidence, document review, and any necessary research and for such investigations to take place within a specified timeframe; and (3) based on custom and practice in the insurance industry, Plaintiff should have hired an insurance adjuster rather than a marine surveyor to investigate the claimed losses. The motion for reconsideration is otherwise DENIED IN PART.

    The Clerk of Court is respectfully requested to terminate ECF 162.

Dated: September 3, 2025
      New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**